# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51233
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2016

Lyle W. Cayce
Clerk

EARL R. HELLER,

Plaintiff-Appellant

v.

FIRST LIGHT FEDERAL CREDIT UNION; JEFF MORTENSON, Vice-President-Lending,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-347

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Earl R. Heller appeals the dismissal of his in forma pauperis complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Heller argues that First Light Federal Credit Union (First Light) and Jeff Mortenson approved a fraudulent vehicle loan in violation of 15 U.S.C. § 1681c-1. He further asserts that First Light and Mortenson violated 12 C.F.R. § 614.4150 by not accurately

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considering Heller's income-to-debt ratio when reviewing his loan application. Finally, Heller complains that First Light and Mortenson approved the loan application because they did not want to jeopardize their business relationship with Casa Ford and argues that this relationship amounted to a conflict of interest under 12 C.F.R. § 721.7.

The various provisions of § 1681c-1 require potential creditors faced with a report on a consumer who has requested a fraud alert to take certain steps before setting up a new credit plan or extension of credit in that consumer's name. *See* § 1681c-1(h)(1)(B)(i)-(ii), (h)(2)(B). The investigation by the National Credit Union Administration established that First Light contacted Heller to complete the fraud alert verification. Given that Heller's claim under § 1681c-1 lacks an arguable basis in fact, the district court did not abuse its discretion in dismissing it as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Heller argues that First Light and Mortenson violated the provisions of § 614.4150, which outlines lending policies and loan underwriting standards. However, because he did not raise this claim in the district court, we will not consider it on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Finally, § 721.7 merely addresses possible conflicts of interests for credit union officials and employees and does not establish a private cause of action. *See* § 721.7. As such, Heller has not shown that his claim has an arguable basis in the law and, thus, the district court did not abuse its discretion in dismissing it as frivolous. *See Black*, 134 F.3d at 733-34; *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

The judgment of the district court is AFFIRMED.